**Judgment Vacated, Motion for Supplemental Briefing Denied as Moot, Appeal Dismissed, and Memorandum Opinion filed April 25, 2023.**



In the

# Fourteenth Court of Appeals

---

### NO. 14-22-00520-CV

---

### ALANA S. PHILLIPS, MAURICE JOHNSON, CHRISTINE DURBIN, RICHARD POULSON, CHERYL ROTH, CONNIE HUDSON, AND STEVE BROWN, Appellants

### V.

### JAYNE HOWELL, IN HER INDIVIDUAL CAPACITY AND IN HER OFFICIAL CAPACITY AS DENTON COUNTY REPUBLICAN PARTY CHAIR; AND BELINDA SMALL, IN HER INDIVIDUAL CAPACITY AND IN HER OFFICIAL CAPACITY AS DENTON COUNTY REPUBLICAN PARTY EXECUTIVE DIRECTOR, Appellees

---

**On Appeal from the 393rd District Court
Denton County, Texas
Trial Court Cause No. 22-1296-393**

---

## M E M O R A N D U M   O P I N I O N

Appellants Alana S. Phillips, Maurice Johnson, Christine Durbin, Richard Poulson, and Cheryl Roth sued Jayne Howell and Belinda Small, individually and

in their respective official capacities as chair and executive director of the Denton County Republican Party, asking the trial court to enjoin Howell and Small "from serving for the Denton County Republican Party as an election administrator, an election official, or being in proximity or in communication with any polling locations, or with personnel serving in polling locations, during the March 2022 Primary election, including the subsequent runoff elections, such as on May 24th." The plaintiff-appellants also asked the trial court to compel the non-party Denton County District Attorney "to open a speedy investigation of criminal and fraudulent election violations and allegations henceforth provided in this complaint with the full authority of [Texas Election Code Chapter] 273 upon receipt of the forthcoming affidavits."

On February 28, 2022, the trial court rendered judgment on the record in open court that, "without finding that there is jurisdiction, . . . [e]ach of those requests [in the prayer for relief in the plaintiffs' petition] are hereby denied."[1] On March 18, 2022, the trial court memorialized the ruling in a signed, take-nothing final judgment.

Three days after the trial court signed the judgment, the plaintiff-appellants filed an amended petition without leave of court in which they attempted to add Connie B. Hudson and Steve Brown as plaintiffs. The plaintiffs, Hudson, and Brown filed a motion for new trial which was overruled by operation of law. Hudson and Brown then joined in the plaintiffs' notice of appeal and in an appellate brief challenging the trial court's judgment.[2]

---

[1] Our judgment in this case makes it unnecessary to discuss at length the issue of the trial court rendering judgment without first determining whether it had jurisdiction over the cause.

[2] This case arrives here from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001.

## I.  The request for injunctive relief against Jayne Howell and Belinda Small

Regarding the request for an injunction prohibiting Howell and Small from certain activity during the 2022 Republican primary election, those dates have passed, and the Republican primary is over. Because it is not possible to grant the requested injunctive relief, the claim for injunctive relief is moot.

A case becomes moot when the court's action on the merits cannot affect the parties' rights or interests, as, for instance, when a justiciable controversy between the parties ceases to exist. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). Courts lack subject-matter jurisdiction to decide a moot controversy. *Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022). Thus, when a case becomes moot on appeal, the appellate court must vacate the lower court's order and dismiss the appeal. *See Tex. Foundries v. Int'l Moulders & Foundry Workers' Union*, 151 Tex. 239, 241, 248 S.W.2d 460, 461 (1952).

## II.  The request to compel the District Attorney to open an investigation

Ripeness is a threshold issue that implicates subject-matter-jurisdiction and emphasizes that a concrete injury must have already occurred or must be likely to occur. *See Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass. *Id.* at 443.

The plaintiff-appellants asked the trial court to compel the district attorney "to open a speedy investigation of alleged criminal and fraudulent of criminal and fraudulent election violations . . . upon receipt of the forthcoming affidavits." The plaintiffs did not contend that they had filed with any governmental entity a criminal

---

Because this is a transfer case, we apply the precedent of the Third Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

complaint or an election complaint that the Denton County District Attorney was required to, and failed to, investigate. To the contrary, their petition alleged only that the Denton County District Attorney would receive affidavits in the future alleging such violations. Because the request for relief concerning the Denton County District Attorney was not ripe, both the trial court and this Court lack subject-matter jurisdiction to grant the requested relief.

Moreover, the Denton County District Attorney was not named as a party to the suit and neither was served with process nor appeared in this case. The trial court therefore lacked personal jurisdiction over the Denton County District Attorney, and hence, over this request for relief. *See, e.g.*, *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 194 (Tex. 2022); *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012).

### III. Non-party appellants

Because standing is a constitutional prerequisite to suit, a court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it. *Heckman*, 369 S.W.3d at 150. Standing must exist as to each claim by each plaintiff. *Id*. at 152–53. In general, only parties of record have standing to appeal a trial court's judgment. *See* TEX. R. APP. P. 25.1(c); *In re Lumbermens Mut. Cas. Co*., 184 S.W.3d 718, 723 (Tex. 2006) (orig. proceeding). Also, one generally cannot intervene in a suit after the trial court has rendered a final judgment. *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008).

The record shows that when the trial court rendered final judgment in open court, and when the trial court signed the judgment, the sole plaintiffs were Alana S. Phillips, Maurice Johnson, Christine Durbin, Richard Poulson, and Cheryl Roth. The record shows neither that the trial court granted the Phillips Parties leave to file a post-judgment amended petition adding additional plaintiffs nor that Connie B.

4

Hudson and Steve Brown properly intervened in the suit. We therefore conclude that Connie B. Hudson and Steve Brown lack standing to appeal the judgment.[3]

## IV. Conclusion

For the reasons stated above, we notified the litigants on or about March 13, 2023, that unless a response was filed within ten days demonstrating grounds for continuing the appeal, the case was subject to vacatur of the judgment and dismissal for want of jurisdiction without further notice. *See* TEX. R. APP. P. 42.3(a).

The plaintiff-appellants, Hudson, and Brown filed a joint response on March 23, 2023, but their response does not demonstrate grounds for continuing the appeal. Regarding mootness, they state, "Appellants agree that the original complaint as written in February 2022 contains remedies that are now moot." Regarding ripeness, they "raise no argument as to the court's jurisdiction."

Because all of the claims at issue are either moot or unripe, it is unnecessary to address the appellants' remaining arguments. In accordance with our stated intent, we vacate the trial court's judgment and dismiss the cause for want of jurisdiction. We deny as moot the appellants' motion for supplemental briefing on the merits of the now-vacated judgment.

/s/     Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain.

---

[3] Hudson and Brown are "appellants" in that each of them is "a party taking an appeal to the appellate court." TEX. APP. P. 3.1(a).